7755.   BISHOP *v.* MAYOR & ALDERMEN OF SAVANNAH.

The petition as amended set forth a cause of action against the city, and the court erred in dismissing it on general demurrer.

DECIDED JANUARY 23, 1917.

Action for damages; from city court of Savannah—Judge Davis Freeman. July 31, 1916.

*Oliver & Oliver,* for plaintiff.

*Robert J. Travis, David S. Atkinson,* for defendant.

BROYLES, P. J. This was a suit against the city of Savannah for personal injuries. The petition alleged, that "on September 2, 1915, and prior thereto, the mayor and aldermen of the city of Savannah, through its agents, servants, and employees, had been engaged in the laying of a pavement on that portion of the Louisville road west of the Ogeechee canal, and in performing other general repairs and overhauling of the said street, and, while so employed, they had and maintained a large concrete mixing machine, which concrete mixing machine the said mayor and aldermen of the city of Savannah had, through its servants, agents, and employees, set up in close proximity to the street-car track of the Savannah Electric Company passing westward on the Louisville road. On September 2, 1915, petitioner was employed as a street-car conductor for the Savannah Electric Company, and at about 7:30 o'clock upon that morning was running his car out the Louisville road to Mill Haven, and had on his car thirty-nine or forty passengers. Petitioner was busily engaged and had his attention centered in the collecting of fares from his many passengers, and in attending to the varied duties required in the operation of a street-car, and, as his car was proceeding westward, he was standing on the running board, on the right-hand side of said car, going west, with his face toward the inside of the car, collecting his fares aforesaid, and, as he was thus standing, with his right side toward the front of the car and his face toward a passenger, of whom he had just collected a fare, and as he was reaching up to ring up the fare which he had just collected, he was struck just back of his right ear by the concrete mixing machine, which was at that time standing . . about eighteen inches from the north rail of the street-car track. This position was so close to the said street-car track as to be a menace to the employees of the Savannah Electric Company and passengers thereof, which fact was known to the said mayor and aldermen of the city of Savannah, its servants, agents, and employees. In the exercise of ordinary care the mayor and aldermen of the city of Savannah should have known of such danger, . . . the concrete mixing

machine being then in the position where it had been placed by the mayor and aldermen of the city of Savannah." The petition then minutely describes the injuries sustained by the plaintiff, and proceeds as follows: "At the time of receiving the injuries described he was in the exercise of all ordinary care and diligence, did not know of the presence of the concrete mixing machine, could not, in the exercise of ordinary care, have discovered the same, and is free from fault. Petitioner's injuries are due entirely to the fault and negligence of the mayor and aldermen of the city of Savannah, for the following reasons: (1) Because the said mayor and aldermen of the city of Savannah had stationed said mixing machine in such close proximity to the street-car track as to be a menace to petitioner and other persons properly riding on street-cars. (2) Because the said mayor and aldermen of the city of Savannah had not performed its legal duty in having its streets reasonably clear of obstructions, for the operation of street-cars thereon, as it is legally bound to do. (3) Because the said mayor and aldermen of the city of Savannah, for the reasons aforesaid, had not furnished a safe and suitable highway for the operation of street-cars along the said track."

Questions of negligence are ordinarily for the jury. In this case, under the facts as shown in the petition, there are several such questions, to wit: (1) Was it negligence for the city to leave the concrete mixing machine within eighteen inches of the street-car track? (2) If so, was such negligence the proximate cause of the plaintiff's injuries, or was it a contributing cause thereto? (3) Was the plaintiff, or the motorman of the street-car, negligent, under the facts as alleged, in attempting to move the street-car by the concrete mixing machine? (4) If so, was such negligence the proximate cause of the plaintiff's injuries, or a contributing cause thereto? (5) Could the plaintiff, or the motorman, by the exercise of ordinary care, have avoided the consequences of the defendant's previous negligence? All these questions of fact, with appropriate instructions, should have been submitted to the jury. It follows that the court erred in dismissing the petition on general demurrer.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*